IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| SHARON WARD and DAVID WARD, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 14-2301-STA-dkv |
| | ) | |
| J.C. PENNEY COMPANY, INC.; | ) | |
| ASA CARLTON, INC.; | ) | |
| RAFAEL ARREOLA; | ) | |
| LABOR READY CENTRAL, INC.; | ) | |
| JOHN DOES 4 through 10; | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS CROSS-CLAIM WITHOUT PREJUDICE**

Before the Court is Defendant Rafael Arreola's ("Arreola") Motion to Dismiss Defendant Asa Carlton, Inc.'s CrossClaim (ECF No. 50) filed on December 22, 2014. Defendant Asa Carlton, Inc. ("Carlton") has responded in opposition to the Motion. For the reasons set forth below, the Motion to Dismiss is **GRANTED** without prejudice to Carlton's right to re-file the Crossclaim.

**BACKGROUND**

On March 24, 2014, Plaintiffs Sharon Ward and David Ward filed a Complaint in state court, alleging negligence against Defendants for injuries Plaintiffs' sustained while shopping in a J.C. Penney's department store in Memphis, Tennessee. On April 28, 2014, Defendants removed the action to federal court, and on May 23, 2014, Plaintiffs filed an Amended Complaint (ECF No. 10). Carlton filed an Answer (ECF No. 23) to the Amended Complaint on

1

July 16, 2014, and Arreola filed his Answer (ECF No. 24) two days later on July 18, 2014. The Court entered a Rule 16(b) scheduling order (ECF No. 28) on July 31, 2014. Among other deadlines, the Court set September 4, 2014, as the deadline for amending pleadings. A jury trial is set for July 27, 2015.

On December 11, 2014, Carlton filed a Crossclaim seeking indemnity from Arreola pursuant to the terms of a master subcontract between those Defendants. In his Motion to Dismiss, Arreola argues that the Court should dismiss the Crossclaim because Carlton filed the Crossclaim outside of the case management order's deadline for amending pleadings. Arreola contends that the Crossclaim is a pleading for purposes of the scheduling order and therefore subject to the scheduling order's September 4, 2014 deadline for amending pleadings. As a result, Carlton should have first sought leave of court before filing the Crossclaim. Under the circumstances, the Court should dismiss the Crossclaim.

Carlton has responded in opposition, arguing that its Crossclaim is procedurally proper. Carlton denies that it was necessary to file the Crossclaim with its Answer or any other pleading. The Crossclaim is permissive under Federal Rule of Civil Procedure 13(g) and was filed within the applicable statute of limitations. Carlton maintains that the Crossclaim is "an independent action" and not an amended pleading or a claim that should have been included in its Answer. As such, the deadline for amending the pleadings did not apply to the filing of the Crossclaim. Finally, Arreola will suffer no prejudice from the filing of the Crossclaim. Carlton tendered its defense and sought indemnity from Arreola by demand letter dated October 24, 2014, to which Arreola never responded. Therefore, Arreola was on notice of the indemnity claim prior to the filing of the Crossclaim. Carlton requests that the Court deny the Motion to Dismiss or, should

2

the Court grant the Motion, dismiss the Crossclaim for indemnity without prejudice to re-file the Crossclaim in a separate action.

## ANALYSIS

The issue presented is whether Carlton was required to seek leave to file its Crossclaim outside of the deadline set by the Court for filing amended pleadings. The Court holds that Carlton's Crossclaim is an amended pleading subject to the scheduling order deadline for amending pleadings and that Carlton was required to seek leave to file the Crossclaim. Federal Rule of Civil Procedure 13(g) reads: "A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action . . . ."[1] Put another way, a crossclaim, though permissive under Rule 13(g), must be stated or alleged as part of a pleading. The Federal Rules of Civil Procedures allow only the following pleadings: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer."[2] Construing these two rules together, a crossclaim must be alleged in one of the pleadings allowed under the Federal Rules, typically as part of an answer to a complaint.

Carlton's argument that its Crossclaim "need not be included in [its] Answer" is true as far as it goes. A crossclaim need not always appear in an answer, but a crossclaim must be stated as part of one of the pleadings permitted by the Federal Rules of Civil Procedure. In this case Carlton's only pleading was its Answer to the Amended Complaint filed on July 16, 2014. It is undisputed that the Answer did not allege a crossclaim. Instead Carlton filed its Crossclaim as

---

[1] Fed. R. Civ. P. 13(g).

[2] Fed. R. Civ. P. 7(a).

3

"an independent action" some five months after it filed its Answer but not as part of an amended pleading. Under all of the circumstances, the proper procedure to plead the Crossclaim Carlton filed on December 11, 2014, was to first file a motion for leave to amend the pleadings pursuant to Rule 15(a)(2).[3] Carlton failed to bring its Crossclaim in this manner. Therefore, Arreola's Motion to Dismiss is **GRANTED**, though the Court will dismiss the Crossclaim without prejudice to re-file the claim.

  **IT IS SO ORDERED.**

            s/ S. Thomas Anderson
            S. THOMAS ANDERSON
            UNITED STATES DISTRICT JUDGE

            Date: February 6, 2015.

---

[3] Fed. R. Civ. P. 15(a)(2) ("In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.").