IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| **SHARON WARD and DAVID WARD,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 14-2301-STA-dkv |
| | ) | |
| **J.C. PENNEY COMPANY, INC.;** | ) | |
| **ASA CARLTON, INC.;** | ) | |
| **RAFAEL ARREOLA;** | ) | |
| **LABOR READY CENTRAL, INC.;** | ) | |
| **JOHN DOES 4 through 10;** | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING DEFENDANT RAFAEL ARREOLA'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant Rafael Arreola's ("Arreola") Motion for Summary Judgment (ECF No. 66) filed on March 19, 2015. Plaintiffs Sharon Ward and David Ward have filed a response in opposition (ECF No. 77). Defendants Asa Carlton, Inc. ("Carlton") and J.C. Penney Company, Inc. ("J.C. Penney") have filed separate responses (ECF No. 84, 87) in opposition. Arreola has filed reply briefs, addressing each of the non-moving party's responses. For the reasons set forth below, the Motion for Summary is **DENIED**.

**BACKGROUND**

On March 24, 2014, Plaintiffs Sharon Ward and David Ward filed a Complaint in state court, alleging negligence against Defendants for injuries Mrs. Ward sustained while shopping in a J.C. Penney department store in Memphis, Tennessee. On April 28, 2014, Defendants removed the action to federal court, and on May 23, 2014, Plaintiffs filed an Amended Complaint (ECF

1

No. 10). Carlton filed an Answer (ECF No. 23) to the Amended Complaint on July 16, 2014, and Arreola filed his Answer (ECF No. 24) two days later on July 18, 2014. The Court entered a Rule 16(b) scheduling order (ECF No. 28) on July 31, 2014. Among other case management deadlines, the Court set February 19, 2015, as the deadline for completing all discovery; and April 19, 2015, as the mediation deadline. Arreola filed the Rule 56 Motion now before the Court on March 19, 2015, the deadline for filing dispositive motions set in the initial scheduling order. Subsequent to the filing of Arreola's Rule 56 Motion, J.C. Penney filed a motion to amend the scheduling order, which the Court granted. The Court extended the discovery deadline to July 17, 2015, the mediation deadline to August 7, 2015, and the dispositive motion deadline and deadline for motions to exclude experts to August 21, 2015.

In his Motion for Summary Judgment, Arreola argues that Plaintiffs cannot meet their burden to prove a negligence claim against him. Arreola stresses the fact that the parties had conducted only limited discovery during the initial discovery period. Arreola argues that based on the discovery the parties did take, Plaintiffs can only prove that (1) Mrs. Ward slipped and fell in the J.C. Penney store where Arreola was working as a subcontractor; (2) Mrs. Ward was injured as a result of the fall; and (3) J.C. Penney employees told Mrs. Ward they had been too busy to clean the floor where she slipped. According to Arreola, there is no evidence to establish why Arreola owed Mrs. Ward any duty, how Arreola breached his duty, or what substance on the floor caused Mrs. Ward to slip. Because Mrs. Ward has no evidence to prove these essential elements of her negligence claim, the Court should grant Arreola judgment as a matter of law. For the same reasons, the Court should dismiss Mr. Ward's derivative loss of consortium claim and Plaintiffs' claim for punitive damages.

In their response in opposition, Plaintiffs argue that triable issues remain as to Mrs. Ward's negligence claim. Arreola owed Mrs. Ward a duty based on the terms of the subcontract Arreola entered into with the general contractor Carlton. As part of the subcontract, Arreola agreed that he would take "reasonable safety measures," perform daily clean-up of the site, and erect safety barricades around the site. Plaintiffs argue that a reasonable juror could infer that Arreola breached his duty to maintain a safe and clean work area because a J.C. Penney employee admitted that dust was on the floor where Mrs. Ward fell. Plaintiffs further assert that timesheets show Arreola or his employees were present and performing work in the store on the day of her fall, though Plaintiffs have not adduced any evidence with their summary judgment brief to prove this contention. Plaintiffs also describe the extent of Mrs. Ward's physical injuries, again without attaching any proof of their claim to their summary judgment brief. Finally, Plaintiffs argue that Mr. Ward's loss of consortium claim is not ripe and that the claim for punitive damages presents a triable issue due to Arreola's recklessness. Therefore, the Court should deny Arreola's Motion.

In its response in opposition, Carlton argues that questions remain about whether Arreola created a dangerous condition in the J.C. Penney store and whether the conditions caused Plaintiffs' injuries. Carlton has adduced an affidavit from Richard Tole, Carlton's project manager for the work done at the J.C. Penney store in 2013 and a person with knowledge about the subcontract. Under the terms of the subcontract between Arreola and Carlton, Arreola had a duty to erect plastic sheeting around the worksite to contain dust from drywall work. Photographs taken by Plaintiffs and a J.C. Penney employee after Mrs. Ward's fall show that plastic sheeting was used on the day of Mrs. Ward's fall at the worksite where Arreola and his employees performed the work. Carlton argues then that Arreola had a common law duty to

Plaintiffs not to create a hazardous condition at the store and an implied duty under the subcontract to perform his work in a safe and workmanlike manner. According to Carlton, the Amended Complaint's allegation that Mrs. Ward slipped on a foreign surface adjacent to the work area reasonably implies that the substance came from the work area, suggesting that Arreola breached his duty to maintain a safe and clean worksite. While denying that the dust barricade was negligently installed, Carlton asserts that any duty to maintain the barricade fell on Arreola. Carlton further argues that reasonable minds could differ over whether J.C. Penney or Arreola was responsible for cleaning up the sales floor. Finally, Carlton argues that the Motion for Summary Judgment is not ripe because discovery has been extended since the filing of the Motion and remains open. Therefore, the Court should deny Arreola's Motion.

J.C. Penney's response in opposition tracks many of the same arguments raised by the other non-moving parties to oppose Arreola's Motion for Summary Judgment. J.C. Penney adds that it requires contractors to post warning signs near worksites and observe a specific detail for dust barricades erected at worksites in its stores. According to J.C. Penney, Arreola posted no warning signs. J.C. Penney also cites a number of photographs of the dust barricades erected by Arreola and argues that a reasonable juror could find that Arreola had not complied with J.C. Penney's instructions, thus breaching his duty to maintain a safe worksite. Like Carlton, J.C. Penney also relies on the fact that the Court has extended the discovery period. As such, Arreola's Motion for Summary Judgment should be denied.

Arreola has filed separate replies to each non-moving party's response brief. With respect to Plaintiffs' response, Arreola states that Plaintiffs have only adduced an unauthenticated copy of the subcontract and a form contract to Arreola General Construction for $15,000 in "drywall labor." Arreola argues that Plaintiffs cannot stand on the allegations of their

pleadings and unauthenticated, inadmissible evidence to survive summary judgment. Plaintiffs do not claim that Arreola's Rule 56 Motion is premature nor have they requested an additional opportunity for discovery by complying with the requirements of Rule 56(d). As such, the Court should give no weight to any of the unsupported claims made by Plaintiffs about what proof they may be able to marshal during the extended discovery period. And Plaintiffs have offered no proof to support Mr. Ward's claim for loss of consortium or Plaintiffs' prayer for punitive damages. Therefore, Plaintiffs have failed to show that genuine issues of material fact remain.

As for Carlton and J.C. Penney's responses, Arreola's separate reply briefs largely mirror each other. According to Arreola, Carlton and J.C. Penney have only their own interpretation of the subcontract to support their view that Arreola had the duty to clean areas outside of the worksite. More fundamentally, Arreola objects that the subcontract lacks authentication. The Court should disregard the affidavit of Richard Tole because Carlton did not produce the Tole affidavit prior to summary judgment and J.C. Penney did not properly disclose Tole as a witness. Tole has no personal knowledge of Mrs. Ward's fall or the circumstances leading up to her fall. Without the Tole affidavit, the subcontract lacks authentication and is therefore inadmissible. And Arreola highlights that Carlton and J.C. Penney have not supplemented their disclosures or taken any other steps to conduct additional discovery since the Court granted the parties an extension of time in April.

In addition to his reply briefs, Arreola has also filed Motions to Strike (ECF No. 89, 91) the response briefs filed by Carlton and J.C. Penney. The Court finds that the Motions to Strike duplicate in many respects Arreola's reply briefs. Concerning Carlton's response brief, Arreola asserts that the brief was filed outside of the deadline for responses to the Motion for Summary Judgment. Arreola then reiterates his contention that Carlton has failed to adduce admissible

5

evidence, including the Tole affidavit, to defeat Arreola's Motion for Summary Judgment. Carlton has responded to the Motion to Strike, stating that the Court granted J.C. Penney's motion for an extension to respond to Arreola's Rule 56 Motion. Carlton argues that the same extension was granted to the other non-moving parties as well. And even if the Court finds that Carlton did not file a timely response, the Court can still consider the evidence of record and conclude that Arreola is not entitled to judgment as a matter of law. Carlton also maintains that Tole was properly identified in its initial disclosures as a person with discoverable knowledge and that his affidavit satisfies all of the requirements for admissibility.

## **ANALYSIS**

Based on the limited evidentiary record before the Court and the fact that discovery is ongoing, the Court finds that summary judgment is not warranted at this time. Plaintiffs allege that Arreola's negligence caused their injuries, and Carlton has alleged in its crossclaim that Arreola should indemnify it for any claims the Plaintiffs have against Carlton. Arreola seeks summary judgment only as to Plaintiffs' claim of negligence, largely because Plaintiffs have not adduced proof of duty, breach of duty, or damages. Although Plaintiffs have responded in opposition, the Court finds a number of problems with their brief and the presentation of their rebuttal proof. First, Plaintiffs make a number of factual assertions in their brief but never attach any materials to support their assertions. For example, Plaintiffs state in their brief that timesheets show Arreola was working in the J.C. Penney's store on the date of Mrs. Ward's fall. However, Plaintiffs have not cited any proof to support this claim. Federal Rule of Civil Procedure 56(c)(1)(A) requires a "party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations

(including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."[1] Plaintiffs' failure to adduce proof to support some of the facts stated in their brief precludes the Court from considering those facts at summary judgment.

At other times Plaintiffs rely only on the allegations of their pleadings. For example, Plaintiffs cite their Amended Complaint for the fact that Mrs. Ward slipped on "a foreign substance" and suffered injuries "as a result of Defendants' negligence."[2] And yet when a Rule 56 motion is supported by documentary proof, a nonmoving party may not rest on his pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial."[3] By repeating the allegations of their Amended Complaint, Plaintiffs have improperly rested on their pleadings in response to Arreola's Motion for Summary Judgment. Likewise, Plaintiffs have not filed any affidavits or declarations to establish critical elements of their claims against Arreola. The only exhibits presented with their brief are what purport to be a work order for Arreola's services at the J.C. Penney store and a copy of the subcontract between Arreola and Carlton. Evidence submitted in opposition to a motion for summary judgment must be admissible; unauthenticated documents are generally inadmissible.[4] The Court holds that Plaintiffs have not attempted to authenticate the work order or the subcontract through a competent witness.

If the Court had only Plaintiffs' summary judgment briefing to consider, Arreola might very well be entitled to judgment as a matter of law. However, Carlton and J.C. Penney have

---

[1] Fed. R. Civ. P. 56(c)(1)(A).

[2] Resp. in Opp'n 2 (ECF No. 78).

[3] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[4] *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *see also Alliant Tax Credit Fund 31-A, Ltd. v. Murphy*, 494 F. App'x 561, 572 (6th Cir. 2012) ("Evidence is properly authenticated when a witness with knowledge testifies that the evidence is what it claims to be.").

also filed responses in opposition to Arreola's Rule 56 Motion.[5] Based on the submissions of the other Defendants, the Court finds that genuine issues of material fact remain about the scope of Arreola's duties under the subcontract and Arreola's possible breach of those duties. Carlton has filed an affidavit from its project manager Richard Tole for the work performed by Carlton at the J.C. Penney's store where Mrs. Ward fell. Tole has affirmed that Carlton entered into a subcontract with Arreola and that the subcontract attached to his affidavit sets out the terms of Arreola's work. The Court holds that the Tole affidavit properly authenticates the subcontract and otherwise meets the requirements of Rule 56.[6]

---

[5] Concerning the timeliness of Carlton's response brief, it is true that J.C. Penney's motion requested an additional ten days for "the parties" to file their summary judgment responses, even though Carlton did not join in J.C. Penney's motion for extension and the Court's order only granted J.C. Penney the additional time to respond. Under the circumstances, the Court finds that consideration of Carlton's filing, despite Arreola's objection, is in the interests of justice.

[6] Arreola objects that the Tole affidavit was not produced during discovery. As such, the Court should not consider it at summary judgment and should strike Carlton's response brief. Arreola has cited no authority for his claim that a summary judgment affidavit must be disclosed during discovery. It appears that Carlton disclosed Tole as a witness in its initial disclosures and thereby satisfied its obligations under the Federal Rules of Civil Procedure. Therefore, Arreola's objection to the Tole affidavit is overruled and the Motion to Strike Carlton's brief is **DENIED**.

And as for Arreola's argument that Tole lacks personal knowledge of Mrs. Ward's fall, the Tole affidavit contains no facts about the actual slip-and-fall. So the Court finds no reason to address this argument.

For similar reasons, Arreola's objection to J.C. Penney's use of the Tole affidavit and Motion to Strike J.C. Penney's response brief are not convincing. Arreola argues that J.C. Penney failed to identify Tole in its initial disclosures and therefore J.C. Penney cannot now rely on Tole's testimony to defeat summary judgment. The Court need not reach this argument because Carlton has properly made the Tole affidavit part of the record. The Court's task at summary judgment is to decide whether the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Bickley v. Dish Network, LLC*, 751 F.3d 724, 728 (6th Cir. 2014) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)). Therefore, the Court can and must consider the Tole affidavit to determine whether summary judgment is appropriate, regardless of which party is the proponent of the proof. Arreola's objection to J.C. Penney's brief and Motion to Strike is **DENIED**.

According to the subcontract, Arreola was required to perform daily clean-up of his "work area" at the end of of "each day" throughout the duration of the project, though these terms are not defined in the subcontract itself. Arreola further agreed in the subcontract to erect and maintain dust barricades around his work area at the J.C. Penney store. The Tole affidavit includes photographs of a "detail" (or model) dust barricade, which Arreola agreed to put in place so as to enclose the areas of the store where he performed his work during the project. At the very least, the Court construes the subcontract to require Arreola to maintain dust barricades and periodically clean his "work area" as he performed his work at the J.C. Penney store. While it seems to be undisputed that Mrs. Ward slipped in the store where Arreola was performing his work, it is not clear from the subcontract whether Arreola was required to clean the area of the sales floor adjacent to his dust barricade or whether J.C. Penney employees were responsible for cleaning the area. In light of the limited evidentiary record currently available, the Court finds that genuine issues of material fact remain. Thus, Arreola is not entitled to summary judgment at this time.

As the parties recognize, the Court extended the discovery period and the deadline for filing dispositive motions after Arreola filed his Motion for Summary Judgment. Because discovery is ongoing and the record before the Court does not establish that Arreola is entitled to judgment as a matter of law, Arreola's Motion for Summary Judgment is **DENIED** without prejudice to raise the same arguments in a subsequent dispositive motion.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: June 30, 2015.